THE SOUTHWESTERN RAILROAD COMPANY, plaintiff in error, *vs.* S. M. COHEN, defendant in error.

1. Section 1585 of Irwin's Revised Code, requiring persons who shall sell by weights and measures to have their weights and measures marked as correct by the clerk of the Inferior Court, (now the Ordinary,) and

in default of such marking, providing that such persons shall not collect any account, note or other writing, the consideration of which is any commodity sold by their weights and measures, is an Act fixing a penalty, and is not to be extended beyond its terms.

2. Where a lot of paper and paper bags was shipped to the plaintiff by railroad, and upon its receipt, it was weighed upon scales not marked, but which were proven to be correct, and the paper was found deficient in quantity, as described in the railroad receipt, it was not error to admit the evidence of the weighing, notwithstanding the failure to procure the marking of the scales.

3. If illegal evidence be admitted by a Justice and no objection be made at the trial, both parties being represented by counsel, the admission of the evidence is not a good ground for a *certiorari*.

4. The evidence in this case was sufficient to justify the judgment of the Justice.

*Certiorari.* Weights and measures. Construction of statutes. Railroads. Evidence. New trial. Before Judge CLARK. Sumter county. At Chambers. May 1st, 1873.

Some paper and paper bags were shipped to Cohen at Amercus *via* Southwestern Railroad. The quantity delivered to him by the agent of said road at the point of destination fell largely short of the quantity called for by the railroad receipt. Cohen brought suit against the railroad for this deficiency, amounting to $24 81, in a Justice Court.

Upon the trial in that tribunal, it was understood that all exceptions to testimony should be taken upon the argument of the case.

Cohen testified, that the deficiency in weight claimed was correct, but that the scales upon which the test was made were not marked, as required by section 1585 of Irwin's Code; that before weighing the paper and the paper bags, he balanced the scales and found them correct.

Upon the argument of the case, counsel for the railroad insisted that all the evidence of the plaintiff as to the deficiency in weight should be excluded, because the weighing was done on unmarked scales. The Court overruled the motion and rendered a judgment for the plaintiff; whereupon, the defendant applied for the writ of *certiorari*, on the ground of error

The Southwestern Railroad Company *vs.* Cohen.

in the aforesaid rulings. The writ was refused, and defendant excepted.

S. C. ELAM; R. F. LYON, for plaintiff in error.

HAWKINS, GUERRY & HOLLIS, for defendant.

McCAY, Judge.

1. Sections 1584, 1588, of the Revised Code, providing for testing the accuracy of the weights and measures used in selling commodities, are not, by their terms, universal. They do not apply to persons engaged in *buying* by weights and measures, nor does it cover any cases except where goods have been *sold* by unmarked scales and measures. We see no good reason for confining the operation of such an Act to such weights and measures as are used to *sell* by. But this is the language and plain meaning of the law. We have no authority to extend the law to cases not included in its terms. It is a penal law. It affixes penalties and forfeitures upon one who *sells* by unmarked weights. It provides that no account, note or writing, the consideration of which is goods *sold* by such weights and measures, shall be collected. It would be contrary to well settled rules to give this Act the construction contended for, or to apply it to cases outside of its plain terms.

2. The scales used to determine the weight of this paper were proved by the witness before using them. He balanced them and found them correct, and we think this furnishes *legal* evidence that the paper was short when weighed.

3. The most that can be made out of the agreement, as to objections to the evidence is, that each party was to make his objections to the legality of the evidence, that is, its competency, at the argument. It is only stated in the petition for *certiorari* that the counsel of the defendant objected to the competency of the evidence as to the weighing. No objection is stated to have been made to the letters of the agents or to the statement of Rodgers. As to Rodgers, we incline to think his statements competent. They relate to the condi-

tion of the paper (at the time of the statement) at the depot, of which he then had, at least, partly, the charge. If the depot agent says to a man "your goods are here, and are in good or in bad order," is not this competent? Does it not relate to the then business of the agent, to-wit: his charge of the goods? The letters, we incline to think, were incompetent, for, at most, they are but admissions of past transactions. But as we read the record, they were not objected to for incompetency or because they were inadmissible, but only that they did not prove the plaintiff's case.

4. The facts, as stated, show that three hundred and twenty pounds of paper were shipped at Atlanta in good order—that is proven by the Macon and Western freight list. The goods were through freight. They started from Atlanta, directed to the plaintiff at Americus. Mr. Powers' letter shows this paper was received in good order at Macon, and the receipt for the freight at Americus shows that it came over the Southwestern road to Americus, and Rodgers' statement shows that the packages had been broken. Add, now, the plaintiff's statement that he weighed the paper, and that it failed to be as much as was charged for and paid for, to-wit: the amount shipped, and it seems to us a case is made out to justify the judgment.

Judgment affirmed.